# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AJAY SOOD,                    )  | |
| )   | |
| **Plaintiff,**           )   | |
| )   | |
| Vs.                           )   | Case No. _____ |
| )   | |
| BRANDON BATES,                )   | |
| )   | |
| **Defendant.**          | |

## COMPLAINT

Plaintiff Ajay Sood ("Sood"), by and through his counsel of record, for his cause of action against Brandon Bates, alleges as follows:

## NATURE OF CASE

1. Plaintiff brings this civil rights action pursuant to 42 U.S.C §1983 seeking compensatory and punitive damages against Defendant for using excessive force to conduct an unlawful search and seizure of Plaintiff's person by dragging him out of his car, forcing him to the ground, and arresting him without probable cause for an innocent alleged infraction of taking a wide turn while driving a dealership vehicle purportedly associated with a warrant.

## PARTIES

2. Sood is a citizen of the United States and a resident of Johnson County, Kansas.

3. Defendant Brandon Bates ("Bates") was at all times during the occurrences alleged in this petition an officer with the Merriam Kansas Police Department ("Merriam PD") and is being sued in his official capacity.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction under the provisions of 28 U.S.C. § 1331 because Sood's action arises under a federal statute, namely 42 U.S.C § 1983 and the Fourth Amendment to the United States Constitution.

5. Venue is proper in this Court under 28 U.S.C. § 1391 (b) because the events giving rise to the claims set forth in this Complaint arise in this district and on information and belief the Defendant resides in the District.

## FACTUAL BACKGROUND

6. Plaintiff is a 57-year-old male of Indian descent. Plaintiff was 55 years old at the time of the incident giving rise to plaintiff's cause of action.

7. On February 16, 2020, plaintiff was test driving an automobile from a local dealership bearing a Kansas Dealer license plate of D106G in Johnson County, Kansas. A black female friend of Sood was riding in the passenger seat and a black employee from the dealership was in a rear seat.

8. At approximately 4:15 p.m., Merriam PD officer Bates, initiated a traffic stop of the vehicle being operated by Sood at the intersection of 67th Street and Frontage Road in Merriam, Johnson County, Kansas.

9. Sood chose to pull the vehicle over in a parking lot out of the way of traffic.

10. Upon initiating contact with Sood, Bates became hostile upon discovering that Sood was recording their interaction on his mobile phone.

11. Bates informed Sood that he was stopped for a warrant associated with the tag on the vehicle as well as a wide turn. As indicated above, the vehicle was bearing a Kansas Dealer license plate and tag.

12. As Sood continued to record Bates from his mobile phone Bates ordered Sood from the vehicle and attempted to place Sood in handcuffs.

13. During this interaction, Sood appeared confused as Bates did not provide Sood with any clear and concise commands. Bates took Sood to the ground and placed him in handcuffs injuring Sood.

13. As assisting officers came to the aid of Bates, Sood advised Bates of preexisting medical conditions, including high blood pressure, and requested that he be given water. Neither Bates nor any of the assisting officers provided Sood with the water he requested. At no time during or before this interaction did Bates or assisting officers declare to Sood that he was under arrest. Sood complained that his cuffs were too tight.

14. A Johnson County Med-Act ambulance was called for assistance, and it was determined that Sood would be transported to a hospital. While being transported to a gurney, Sood incurred further injuries. An unknown officer can be heard saying "Good thing you didn't fall on your face." Neither Bates nor any assisting officers attempted to help Sood from the ground.

15. Sood was transported to Overland Park Regional Medical Center via ambulance while still handcuffed where he was treated for injuries. Bates met Sood at the hospital and removed his cuffs. Sood was issued several citations which were ultimately dismissed by the City of Merriam.

## COUNT I

*UNLAWFUL SEARCH AND SEIZURE – 42 U.S.C. § 1983 (EXCESSIVE FORCE)*

16. Plaintiff incorporates by reference his previous allegations above as if fully set forth herein.

17. 42 U.S.C. § 1983 provides a private right of action for violation of an individual's constitutional rights, privileges, and immunities by an official's abuse of his or her position.

18. To recover under this section, a plaintiff must show that (1) a defendant deprived him or her of a right secured by the Constitution and law of the United States, and (2) that the defendant deprived him or her of this constitutional right under color of any statute, ordinance, regulation, custom or usage, of any State or Territory.

19. The Fourth Amendment to the United States Constitution guarantees citizens the right to be secure in their persons against unreasonable seizures of the person; a seizure triggering Fourth Amendment protections occurs when government actors have, by means of physical force or show of authority, in some way restrained the liberty of a citizen.

20. Determining whether the force used to affect a particular seizure if reasonable under the Fourth Amendment requires a careful balance of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.

21. A police officer violates an arrestee's clearly established Fourth Amendment right to be free from unreasonable seizure if the officer makes a warrantless arrest without probable cause.

22. Probable cause to justify an arrest means facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing from the circumstances that a suspect has committed, is committing, or is about to commit an offense.

23. As a law enforcement officer, Bates had a duty to use reasonable and ordinary care and diligence in exercising his duties, to use his best judgment, and to exercise them with a

reasonable degree of learning, skill and experience which is ordinarily possessed by other law enforcement officers in the same or similar locations.

24. Bates breached the foregoing duty and violated Plaintiff's Fourth Amendment Rights by using an unreasonable amount of force when:

    a. Stopping the vehicle for unlawful reasons;

    b. Forcibly removing Sood from the vehicle;

    c. Unreasonably restraining Sood;

    d. Conducting an unlawful arrest;

    e. Taking Sood to the ground;

    f. Denying medical treatment to Sood and failing to render aid to Sood once injuries were apparent.

25. The use of force was objectively unreasonable and excessive based on the circumstances because Sood:

    a. Was not impaired at the time;

    b. Did not provoke Bates in any objective way;

    c. Had only been allegedly stopped for a purported wide turn and for operating a vehicle with dealer tags that were purportedly associated with a warrant;

    d. Did not pose an immediate threat or danger to Bates or others.

26. Bates' conduct was intentional and malicious and was taken for the purposes of harming Sood.

27. Bates' warrantless arrest of Sood was further unreasonable and without probable cause because the facts and circumstances of the foregoing events show that Sood was not

stopped for engaging in any suspicious or unlawful behavior, or because he had committed, was committing or was about to commit a crime or offense.

28. Sood was allegedly stopped for the innocent infraction of making a wide turn. He was further allegedly stopped for controlling a vehicle with tags somehow associated with a warrant. There were no attempts made by Bates to verify the identify of the operator of the vehicle prior to the stop. Nothing about Sood's conduct or the circumstances leading up to Sood's warrantless arrest would justify Bates' exercise of unlawful, excessive use of force for the reasons discussed above.

29. Bates acted under color of state law because he exercised and exceeded his authority pursuant to state law as a Merriam Police Department officer when taking the unlawful actions alleged herein.

30. Bates' use of excessive force caused Sood to suffer significant personal injuries.

31. Bates' use of excessive force caused Sood to suffer significant emotional injuries and suffering, including, but not limited to, duress, anxiety, embarrassment, and humiliation. Sood's suffering is pervasive and ongoing.

32. Due to the Bates' conduct, Sood lives in constant fear for his safety and well being and is apprehensive of other police officers or similar authority figures.

33. As direct and proximate cause of the reckless, willful, wanton, intentional and malicious conduct of Bates, Sood has suffered excruciating physical pain, injuries and emotional suffering that continue to this day.

34. As a further direct and proximate result of the aforementioned conduct, Sood will require the services of medical and psychological professionals for treatment.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES OF FACT HEREIN**

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Ajay Sood, requests that the Court enter judgement in his favor and against the defendant as follows:

1. A money judgment that will fairly compensate Plaintiff for the injuries he has sustained as a direct result of Bates' use of excessive and unreasonable force in violation of plaintiff's civil rights and Fourth Amendment rights;

2. For plaintiff attorney's fees and costs herein expended;

3. For an additional award of punitive damages; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

JONES, MCCOY & COVINGTON, P.A.

By: /s/ *Brant A. McCoy*
Brant A. McCoy, KS # 24303
9401 Indian Creek Pkwy, Ste. 600
Overland Park, KS 66210
T: 913.322.7200
F: 913.322.9275
brant@jocolegal.com
*Counsel for Plaintiff Ajay Sood*